### MOORE

v.

### BARON DRAWN STEEL CORPORATION et al.

1999-Ohio-996.]

Court of Common Pleas,
Lucas County.

No. CI95–0589.

Decided Aug. 3, 1999.

See also 118 Ohio Misc.2d 112, 1998-Ohio-719, 770 N.E.2d 117.

Contrada & Associates, Charles Contrada and Russell Jones, for plaintiff.

Marshall & Melhorn, James H. Irmen, Roman Arce and Michael A. Gonzalez, for defendant Baron Drawn Steel Corporation.

Timothy Cleary and Michael Golding, for defendant Laidlaw Environmental Services, Inc.

Shumaker, Loop & Kendrick, L.L.P., Stephen Rothschild and Jennifer Belt, for defendant Keramchemie.

CHARLES J. DONEGHY, Judge.

{¶ 1} This case is before the court on the motion for reconsideration filed by plaintiff Barbara Lou Moore. Upon review of the pleadings, evidence, memoranda of the parties, and applicable law, the court finds that it should overrule the motion.

{¶ 2} A trial court may reconsider any decision rendered in a case if no final appealable order has been made. Civ.R. 54(B); *Falcon Painting, Inc. v. Trustcorp Bank, Ohio* (Nov. 8, 1991), Lucas App. No. L–90–285, 1991 WL 253907. See, also, *D'Agastino v. Uniroyal–Goodrich Tire Co.* (1998), 129 Ohio App.3d 281,

717 N.E.2d 781. The standard of review governing a motion seeking reconsideration of a summary judgment ruling is the same standard employed by the court when initially ruling on a motion for summary judgment. Id.; *Fid. & Guar. Ins. Underwriters, Inc. v. Aetna Cas. & Sur. Co. of Illinois* (June 30, 1993), Lucas App. No. L–92–024, 1993 WL 241583.

{¶ 3} The general rules governing motions for summary judgment filed pursuant to Civ.R. 56 are well established. In *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46, the Supreme Court of Ohio stated the requirements that must be met before a Civ.R. 56 motion for summary judgment can be granted:

{¶ 4} "The appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." See, also, *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201.

{¶ 5} "The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." Id. at 370, 696 N.E.2d 201, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264.

{¶ 6} In her motion, the plaintiff argues that the court erred in its conclusion that reasonable minds could only conclude that the plaintiff will be unable to prove the second and third prongs of the employers' workplace intentional tort standard set forth in *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108.[1] The plaintiff must be able to establish both of these prongs (along with the first) to succeed in her intentional tort claim. Id.

{¶ 7} The court concludes that it did not err in determining that the plaintiff will be unable to prove the third (the requirement) prong. The three cases

---

**1.** "[I]n order to establish 'intent' for the purpose of proving the existence of an intentional tort committed by an employer against his [or her] employee, the following must be demonstrated: (1) *knowledge* by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his [or her] employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a *substantial certainty*; and (3) that the employer, under such circumstances, and with such knowledge, did act to *require* the employee to continue to perform the dangerous task." (Emphasis added.) Id. at paragraph one of the syllabus. The *Fyffe* court drew this analysis from *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraphs five and six of the syllabus.

discussed by the plaintiff in her motion for reconsideration are properly distinguishable. *Hannah v. Dayton Power & Light Co.* (1998), 82 Ohio St.3d 482, 696 N.E.2d 1044, involved a decedent who was attempting the rescue of a coworker; the decedent was attempting the rescue as a part of the normal course of his job duties. *Yarnell v. Klema Buildings, Inc.* (Dec. 24, 1998), Franklin App. No. 98AP–178, 1998 WL 894596, involved an error by the trial court on the *second* of *Fyffe's* prongs rather than the third; also in that case the decedent's supervisor had made vigorous complaints about safety at the job site prior to the accident at issue. And *Taylor v. Ohio Dept. of Rehab. & Corr.* (1994), 75 Ohio Misc.2d 60, 662 N.E.2d 1156, involved inattention by prison officials to the safety of women employees inside a prison posed by the ever-present danger of intentional acts of violence by prisoners; these dangers were encountered by women employees as a normal part the job even when not engaged in their assigned tasks. Given the Ohio Supreme Court's stated movement "toward *significantly limiting* the areas within which 'intent' on the part of the [employer] may be circumstantially *inferred*,"[2] this court concludes that it did not err in granting Baron's motion for summary judgment, and the court finds that the plaintiff's instant motion should be overruled.

## Conclusion

{¶ 8} Based on the foregoing, the court finds Baron's motion for summary judgment well taken. No genuine issue of material fact exists in this case that would preclude summary judgment in favor of Baron. Accordingly, the court shall grant Baron's motion.

Motion overruled.

---

2. (First emphasis added; second emphasis sic.) *Van Fossen,* 36 Ohio St.3d at 117, 522 N.E.2d 489. The *Hannah* court expressly relied on the elements of a workplace intentional tort established by the *Van Fossen* court. See *Hannah,* 82 Ohio St.3d at 485, 696 N.E.2d 1044.